By the Court,
.(in the absence of Grimke J.,and Bay,J.,)
We are clearly of opinion that a new trial ought to be granted, on two grounds : First, because from the nature of the case, without proving what the usage of trade is, it must be evident that the defendant could not have been under the impression that any papers would be sent by the plaintiff, or carried knowingly by the captain, which in the event of a capture and search, would infallibiy lead to a detection of the contrivance, and unmask the property. He must have expected the contrary ; for he had reason to suppose that every proper precaution would be used by the plaintiff, and the captain, to mask the property insured in the way proposed, which was consitteut with the nature of the contraot, and the situation of the parties : and therefore the sending of double papers under these circumstances, must be considered as an act on the part of the plaintiff inconsistent with the cont, act, and contrary to what he must be supposed to have stipulated with the defendant when the policy was signed, inasmuch as these papers exposed the property to the very danger which the mask was intended to avoid.
Secondly, because the conduct of the captain; in exposing the goods to the suspicion of their not being his own, by taking them out of his trunk, in the first place ; and afterwards confessing that they did not belong to him, without an absolute necessity, for he made this confession before he was called upon to swear in the Vice Admiralty Court; was in violation of that confidence reposed in him by the plaintiff, on which the policy was predicated: and as it must be considered in the nature of the case, that the de-. fepdant did uot undertake to answer for the conduct of the captain *212 in this behalf, who in this respect is to be regarded as the agent of the plaintiff, who represented him to the defendant as a person to be confided in, in masking the property as his own adventure; there. fore on this ground the policy was invalidated, and the plaintiff ought not to recover upon it.
Parker, Pringle, Cheves, for the, plaintiff. J. Ward, Da Saussure, Ford, for the defendant.
A new trial ordered,
Kioto. Whether the agreement collusively to cover property liable to captar* Was not contrary to national law and void, and fraudulent aa respects belligr? rants? See 1 Johns. N. Y. Reports 1, 19.